TEXTO COMPLETO DE LA SENTENCIA
El 1 de agosto de 2005, la Autoridad de Acueductos y Alcantarillados (“A.A.A.”) presentó Petición de CertiorarLy nos solicité la_revocación dé la Orden_de_entredicho_provisional emitida el 29 de julio de 2005 por el Tribunal de Primera Instancia, Sala Superior de San Juan. En ella, el tribunal a quo detuvo un procedimiento de emergencia que estaba llevando a cabo la A.A.A. para la compra de maquinarias y equipo operacionales.
Conjuntamente con el presente recurso, el peticionario presentó una moción en auxilio de nuestra jurisdicción solicitando la pronta intervención de este Foro, ya que la vista para dirimir la petición de interdicto preliminar "está pautada para el'próximo 15 de agostó de 2005.
Por los fundamentos que expondremos a continuación, expedimos el Auto de Certiorari, denegamos la moción en auxilio de jurisdicción y confirmamos la decisión recurrida.
I
Según el recurso presentado, la peticionaria A.A.A. decidió sustituir su flota de operaciones, que incluye vehículos livianos y pesados, camiones y equipo operacionales, en un período de cinco años. La decisión fue tomada debido al estado de deterioro extremo en el que se encuentra su flota vehicular, lo que repercute en un gasto mensual de $180,000 aproximadamente para la reparación y mantenimiento de éstos. La peticionaria aduce que el alto deterioro mecánico que exhiben estos equipos amenaza con que en la eventualidad se vea *450 interrumpida las operaciones y los servicios que brinda la A.A.A. Además, sostiene que la situación precaria del equipo redunda en violaciones ambientales.
Ante esta situación, la Junta de Directores de la Autoridad decidió declarar a la Autoridad en estado de emergencia. Conforme a lo cual, se eximió a la Autoridad de tener que cumplir con los procedimientos ordinarios de subasta para adquirir la primera etapa del referido equipo, equivalente a la compra del 20% de toda la flota. No obstante, la Junta requirió que se solicitaran por lo menos tres cotizaciones y se obtuvieran los mejores términos económicos para la A.A.A.
A ese fin, la A.A.A. preparó un documento titulado Request for Proposal (RFP) mediante el cual estableció los requisitos, especificaciones y procedimientos para la adquisición del equipo. Entre otras cosas, estableció como fecha límite el 29 de julio de 2005 a las 3:00 pm para que las compañías radicaran sus respectivas propuestas.
Este documento se envió por invitación a 20 compañías, entre las cuales se encontraba la recurrida R&B Power. Posteriormente, la A.A.A. le hizo ciertas modificaciones al procedimiento pautado y a las especificaciones de los equipos. Por estar inconforme con tales cambios, la recurrida acudió ante el Tribunal de Primera Instancia el 28 de julio de 2005, un día antes de la fecha límite para presentar las propuestas ante A.A. A. En síntesis, solicitó al tribunal a quo remedios interdíctales dirigidos a paralizar el procedimiento de emergencia instaurado para la compra y sustitución de la flota.
En la demanda debidamente juramentada, R&B Power adujo que sufriría un daño irreparable si se continuaba con el procedimiento anterior. Basó su alegación en que se vería impedida de comparecer como lidiador por causa de las especificaciones y condiciones impuestas arbitrariamente por la A.A.A. Además, sostuvo no tener otro remedio para proteger sus derechos y en caso de que el tribunal no ordenare el remedio solicitado su pedido se tornaría en académico. Finalmente, alegó que tenía una alta probabilidad de que prevalezca en su causa de acción.
El tribunal a quo celebró una vista al día siguiente, el 29 de julio de 2005, en la que comparecieron R&B Power, A.A.A y las compañía CT Group y RIMCO como partes interventoras. Luego que el foro de instancia escuchó los planteamientos de las partes, emitió la orden del entredicho provisional que nos ocupa. En la misma, el tribunal expresó que los demandantes establecieron una probabilidad de prevalecer al plantear que la A.A.A. está obligada por sus propios reglamentos a utilizar el procedimiento informal de subasta para la adquisición de los referidos vehículos y equipos operacionales, cosa que no estaban haciendo. .
Entendió el foro a quo que el interés público podría quedar afectado, si se sanciona el procedimiento de requerimiento de propuestas. El tribunal, luego de fijar una fianza a la recurrida, señaló una vista para el 15 de agosto con el fin de ventilar la petición de interdicto preliminar.
Inconforme la A.A.A. con tal determinación, acude ante nos el 1 de agosto de 2005. En su petición de certiorari, A.A.A. señala que el Tribunal de Primera Instancia erró al ordenar el entredicho provisional cuando no tiene jurisdicción para ello en vista de que el procedimiento que se intenta paralizar no ha concluido y además es a este Foro Apelativo al que le corresponde revisar las decisiones de las agencias administrativas. Como segundo y tercer error, señala que incidió el tribunal a quo al no expresar en la orden que se recurre determinaciones de hechos y de derecho sobre el cumplimiento en el caso de autos de los requisitos para emitir un entredicho, ni disponer sobre el término de vigencia de la orden.
Atendida dicha solicitud, ese mismo día emitimos resolución concediendo 5 días a la recurrida para que fijara su posición. Ésta ha comparecido y luego de plantear varios argumentos a su favor nos solicitó término adicional. Estando en posición de resolver sumariamente este recurso, procedemos a resolverlo sin más trámite *451 ni procedimientos conforme nos autoriza la Regla 211 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 211 (Supl. 1998).
II
La Regla 57.2 de las de Procedimiento Civil contempla la expedición de órdenes de entredicho provisional sin notificación previa a la paite adversa o a su abogado, 32 L.P.R.A. Ap. Ill, R. 57.2. Toda vez que dicho remedio se emite prescindiendo de las garantías fundamentales de una notificación previa y oportunidad de ser oído, se trata de un mecanismo de excepción, reservado únicamente para “situaciones extremas”. Cuevas Segarra, supra, a las págs. 1056-7.
El profesor Cuevas Segarra comenta, ofreciendo las siguientes ilustraciones:
“Las órdenes de entredicho provisional son necesarias, en ciertas circunstancias, para que sirvan su propósito de preservar el status quo, y para prevenir daños irreparables, y no deben extenderse más allá de lo necesario hasta que se celebre una vista. Esta orden es indispensable al comienzo de una acción cuando es el único método para preservar el estado de los asuntos en una forma que el tribunal pueda proveer un efectivo remedio final. Acción inmediata es vital cuando hay posibilidades de una actuación inminente. ” Cuevas Segarra, supra, a la pág. 1058.
Para que sea válida una orden de entredicho provisional emitida bajo la Regla 57.2 de las de Procedimiento Civil deberá cumplir de manera rigurosa con los requisitos establecidos por la Regla. E.L.A. v. Asoc. de Auditores, 147 D.P.R. a las págs. 679-680; Cuevas Segarra, supra, a la pág. 1056. La solicitud tiene que ser hecha bajo juramento. De ella debe surgir claramente que se causarán perjuicios, pérdidas o daños inmediatos e irreparables al solicitante antes de que se pueda notificar y oír a la parte adversa o a su abogado. 32 L.P.R.A. Ap. III, R. 57.2; E.L.A. v. Asoc. de Auditores, 147 D.P.R. a la pág. 680.
La Regla 57.2 añade:
“Toda orden de entredicho provisional concedida sin notificación previa llevará constancia de la fecha y hora de su expedición; será archivada inmediatamente en la secretaría del tribunal y registrada; en ella se definirá el perjuicio y se hará constar por que el mismo es irreparable y la razón por la cual se expidió la orden sin notificación previa; y de acuerdo con sus términos expirará dentro de un período de tiempo después de ser registrada, que será fijado por el tribunal y no excederá de diez (10) días, a menos que sea prorrogada dentro del término así fijado por causa justa probada y por un período de tiempo igual, o a menos que la parte contra la cual se hubiere dictado la orden dé su consentimiento para que sea prorrogada por un período mayor. Las razones que hubiere para tal prórroga se harán constar en el récord. ” 32 L.P.R.A. Ap. Ill, R. 57.2.
Si el tribunal decide expedir el recurso está obligado a exigirle al solicitante como requisito previo, la prestación de la fianza que se considere justa para el pago de los daños que puedan surgir por su expedición. La orden que se emita concediendo el entredicho provisional deberá expresar las razones para su expedición, será redactada en términos específicos y describirá con detalles razonables el acto cuya realización se prohíbe. Regla 57.3 y 57.4 de las Reglas de Procedimiento Civil, supra.
El Tribunal Supremo ha expresado que la orden de entredicho tendrá que pasar por el exigente tamiz de la discreción jüdicial que ha de ejercitarse en cuidadosa ponderación del interés de todas las partes, y con mayor rigor cuando alguna de las partes no ha sido oída antes de librar la orden. A.P.P.R. v. Tribunal Superior, 103 D.P.R. 903, 906 (1975).
El entredicho como los demás recursos extraordinarios puede ser utilizado como mecanismo auxiliar en medio de un procedimiento administrativo para solicitar ante un tribunal de justicia que ordene a una agencia o *452 funcionario público que haga o deje de hacer algo en específico. Con la salvedad de que ello será posible en la medida en que no exista otro remedio adecuado en ley particularmente a nivel administrativo para atender la situación que se plantea. Véase Asoc. de Distribuidores v. Administración Estabilización Económica, 82 D.P.R. 212 (1959). Véase, además, sec._de la Ley de Procedimiento Administrativo Uniforme 36 L.P.R.A. see.
En el caso de que el procedimiento administrativo provea mecanismos correctivos, apropiados para disponer del asunto, no procederá el recurso extraordinario. En tal caso, la parte afectada tendrá que agotar en primer lugar todos los remedios administrativos provistos por la agencia antes de solicitar el escrutinio judicial. Conforme a ello, se dispone que una vez la parte afectada agote los remedios provistos puede presentar un recurso de revisión de una decisión final ante el Tribunal de Apelaciones. Véase Ley de Procedimiento Administrativo Uniforme, Ley 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. 2172; J Exam. Tec. Med v. Elias, et al, 144 D.P.R. 483, (1990).
El Tribunal podrá relevar a un peticionario de tener que agotar alguno o todos los remedios administrativos disponibles cuando existan algunas de las circunstancias excepcionales que reconoce la ley. A saber: (1) cuando el remedio sea inadecuado, (2) cuando resultare en un daño irreparable al promovente requerirle que agote los remedios y en el balance de intereses ello no se justifica, (3) en el caso en que se alegue la violación sustancial de derechos constitucionales, (4) cuando sea inútil agotar los remedios administrativos por la dilación excesiva en los procedimientos, (5) si estamos ante un caso claro de falta de jurisdicción de la agencia, y (6) si se trata de un asunto estrictamente de derechos en la que es innecesario la pericia administrativa. Sección 4.3 de la Ley de Procedimientos Administrativos Uniformes, 3 L.P.R.A. see. 2173.
Ill
A la luz de los principios de derecho antes esbozados, analicemos el dictamen del 29 de julio de 2005 emitido por la Sala Superior de San Juan.
En su primer señalamiento de error, la A.A.A. plantea que carece de jurisdicción el Tribunal de Primera Instancia para entender en el recurso presentado, toda vez que el mismo pretende paralizar un procedimiento administrativo inconcluso, y por ser además, un asunto de la competencia del Tribunal de Apelaciones. Ciertamente, a este Foro se le ha encomendado la tarea de revisar las decisiones, órdenes y resoluciones finales de una agencia administrativa. Sin embargo, no estamos ante una decisión final emitida por algún organismo administrativo, como correctamente reconoce la propia peticionaria. Más bien, la solicitud del recurrido va dirigida a detener un procedimiento iniciado por una agencia a través de un recurso extraordinario bajo la premisa de que no tiene otro recurso adecuado en ley que atienda su pedido bajo los criterios de dicho recurso.
Se ha establecido que solamente cuando sea claro que no existe remedio adecuado en ley, es que se puede pensar en recurrir a los recursos de injunction, habeas corpus mandamus, entre otros. Cuando la ley señala los métodos y circunstancias mediante los cuales se someterá la acción administrativa al escrutinio judicial, los tribunales no permitirán el uso de otros medios para obtener el examen judicial. Asoc. de Distribuidores v. Administración Estabilización Económica, 82 D.P.R. 212 (1959).
Por otra parte, debe tenerse presente que el remedio extraordinario del injunction no está supeditado a las reglas de agotamiento de remedios y de jurisdicción primaria. (CASO) Ello, por supuesto, de cumplirse con las exigencias legales y jurisprudenciales de aplicación a este remedio. Santiago Abad v. Superintendente 112 D.P.R. 207.
Según los autos, el procedimiento de compra y sustitución de la flota que inició la A.A.A. está siendo realizado de forma extraordinaria al declararse un estado de emergencia. La propia A.A.A. en su escrito reconoce que el legislador no proveyó para que se revise judicialmente la decisión de la Junta de Directores de *453 permitir obviar los procedimientos de subasta en casos de-emergencias. Petición de Certiorari, folio 15. Además, la Autoridad no nos ha demostrado que exista un mecanismo adecuado dentro de dicha agencia para dirimir aquellas controversias que surjan mientras se lleve a cabo dicho procedimiento extraordinario. No teniendo el recurrido ningún otro recurso que agotar para hacer valer su reclamo y dada la inminencia de la decisión de la agencia, con el potencial de que pudiera quedar fuera la parte recurrida, bien podía esta parte acudir al foro de primera instancia mediante presente recurso extraordinario. Acorde con lo anterior y sin entrar en los méritos del recurso, determinamos que posee jurisdicción el Tribunal de Primera Instancia para disponer sobre un entredicho provisional que pretende paralizar un procedimiento administrativo al no tener la parte solicitante ningún otro remedio adecuado en ley.
Por último, los planteamientos relativos a los méritos de la controversia planteada en el Tribunal recurrido, particularmente lo relativo a la situación de emergencia, habiendo decidido que el foro con jurisdicción es el T.P.I., corresponde a dicho Tribunal pasar juicio sobre tales planteamientos.
En cuanto al otro señalamiento de error, la A.A.A. formula que la orden emitida por el tribunal a quo no cumplió con los requisitos necesarios para su expedición. A saber, no contiene determinaciones de hechos y derecho en cuanto al daño irreparable que se sufrirá en caso de que no se libre el auto ni se estableció el término hasta cuando éste se dejaría en vigor.
En primer término, cabe señalar que el entredicho provisional no fue emitido ex parte. Surge de los autos que la A.A.A. estuvo presente en la vista que se celebró y aunque no presentó evidencia alguna tuvo la oportunidad de discutir y argumentar su posición al respecto. En tales casos, el tribunal ha expresado que el rigor con que se evaluará los requisitos para la expedición del recurso será menos rigurosa. A.P.P.R. v. Tribunal Superior, 103 D.P.R. 903, 906 (1975). Sin que ello se entienda como un permiso para omitir totalmente tales requisitos.
De una lectura de la orden emitida y de la demanda presentada se desprende que el recurrido demostró prima facie, la posibilidad de sufrir un daño irreparable si se continúa con el procedimiento. La orden expresó de forma específica los actos cuya realización se prohíbe. Además, expresó las razones para su expedición, específicamente se dijo que el interés público podría quedar afectado y que el recurrido estableció una posibilidad de prevalecer.
Nótese que estamos ante un mecanismo que tiene como propósito preservar el status quo, que resulta indispensable al comienzo de una acción por ser el único método para preservar el estado de los asuntos en una forma que el tribunal pueda proveer un efectivo remedio final. Cuando se dirima la procedencia del injunction junto con el beneficio de la prueba que se presente, habrá oportunidad de evaluar en los méritos la actuación de la A.A.A. en el procedimiento extraoficial que realiza.
En cuanto al argumento de que la orden no tiene término de vigencia, surge de la misma que se pautó la fecha para ventilar el injunction preliminar en un término de 17 días a partir de la orden del entredicho. Como mencionáramos, la Regla 57.2 dispone que el término de vigencia de un entredicho provisional no sea mayor de 10 días cuando el mismo se conceda sin notificación previa. Ese no es el caso de autos. No siendo desproporcional la fecha señalada para la celebración de la vista de interdicto preliminar, el error señalado no se cometió.
Con estos antecedentes, confirmamos la orden recurrida emitida por el Tribunal de Primera Instancia, Sala de San Juan, y devolvemos el caso a dicho Foro para la continuación de procedimientos ulteriores consistentes con lo aquí resuelto.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
*454 Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones